<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| HENRY OWENS, | : | Civil No. 05-2351 (WGB) |
| Plaintiff, | : | |
| v. | : | <u>OPINION</u> |
| ADMINISTRATOR ORTIZ, et al., | : | |
| Defendants. | : | |

**APPEARANCES:**

    HENRY OWENS**,** #423005, Plaintiff <u>Pro Se</u>
    East Jersey State Prison
    Rahway, New Jersey 07065

**BASSLER**, District Judge:

    Plaintiff Henry Owens seeks to bring this action <u>in forma pauperis</u> without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on his affidavit of poverty, prison account statement, and the apparent absence of three dismissals under 28 U.S.C. § 1915(g), the Court (1) grants Plaintiff's application to proceed <u>in forma pauperis</u>; (2) directs the Clerk to file the Complaint without pre-payment of the filing fee; (3) assesses the $150.00 filing fee against Plaintiff; (4) directs the New Jersey Department of Corrections ("NJDOC") to forward an initial partial filing fee to the Clerk from Plaintiff's prison account; and (5) directs the NJDOC to forward payments from Plaintiff's prison account to the Clerk each subsequent month that the amount in the account exceeds $10.00, until the $150.00 filing fee is paid in full. <u>See</u> 28 U.S.C. § 1915(a), (b). Having thoroughly reviewed Plaintiff's allegations, the Court dismisses the Complaint.

## I.  BACKGROUND

Plaintiff sues prison administrators Ortiz and Shebes for failure to investigate his claim that his maximum sentence date was miscalculated and expired on December 24, 1999.  He asserts that in 1995, when the New Jersey judge imposed a five-year sentence, he ordered the New Jersey parole to run concurrently with Plaintiff's Georgia parole.  Plaintiff asserts that both sentences maxed out on December 24, 1999, but New Jersey officials failed to act on his complaint that his sentence expired.  He seeks relief awarding damages of $200 per day for each day he has been illegally incarcerated and other relief.

## II.  LEGAL STANDARD

The Prison Litigation Reform Act (?PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental entity, officer or employee. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a), (b).  The Court is required to identify cognizable claims and to dismiss any claim which is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).  A claim is frivolous within the meaning of 28 U.S.C. § 1915A if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  ?A pro se complaint may be dismissed for

failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines, 404 U.S. at 520).

### III.  DISCUSSION

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

A prisoner's request for equitable relief releasing him from custody is not cognizable under 42 U.S.C. § 1983.  See Preiser v. Rodriguez, 411 U.S. 475 (1973); Wolff v. McDonnell, 418 U.S. 539, 554 (1974).  "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas

corpus." Preiser, 411 U.S. at 500.[1]  This Court notes that Plaintiff filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his confinement beyond the expiration of his sentence, see Owens v. Arch, Civil No. 04-700 (SRC) (D.N.J. filed Feb. 13, 2004), which is pending before Judge Chesler.  Accordingly, to the extent that Plaintiff seeks release from incarceration, the claim is not cognizable under § 1983 and Plaintiff's exclusive remedy is his pending § 2254 Petition.

Nor is Plaintiff's damage claim cognizable under § 1983.  See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  A civil rights claim under § 1983 seeking damages for allegedly unconstitutional imprisonment is not cognizable under § 1983 if a favorable judgment would necessarily imply the invalidity of the confinement.  Id.  As the United States Supreme Court recently explained,

> a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

Wilkinson v. Dotson, 125 S.Ct. 1242, 1248 (2005); accord Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).

As shown above, neither Plaintiff's request for release nor his claim for damages for wrongful incarceration beyond his maximum sentence is cognizable under 42 U.S.C. § 1983.

---

[1] See also Coady v. Vaughn, 251 F.3d 480 (3d Cir. 2001) (state prisoner's challenge to denial of parole or challenge to the legality of continued state custody must be brought under § 2254 which requires the exhaustion of state court remedies);  Brown v. Fauver, 819 F. 2d 395 (3d Cir. 1987) (inmate's civil rights action seeking restoration of good time credits was in essence an action seeking habeas corpus relief which is not cognizable under §1983).

Plaintiff may file a claim for damages under § 1983 for injury caused by imprisonment beyond his maximum sentence once his confinement has been invalidated by state authorities, the state courts or by issuance of a writ of habeas corpus.[2]  Because his claims are not cognizable under § 1983 at this time, the Court is constrained to dismiss Plaintiff's Complaint without prejudice.[3]

## IV.  CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to file the Complaint in forma pauperis and dismisses the Complaint without prejudice.


  /S/ WILLIAM G. BASSLER
WILLIAM G. BASSLER, U.S.S.D.J.


DATED: May 18, 2005

---

[2] See Sample v. Diecks, 885 F.2d 1099, 1110 (3d Cir. 1989) (a prison official with a duty to investigate, check, or report may be liable for damages under § 1983 for inflicting cruel and unusual punishment if the official had knowledge of the problem, the official either failed to act or took only ineffectual action such that he or she was deliberately indifferent to the prisoner's plight, and there was a causal connection between the official's response and the infliction of the unjustified detention).

[3] "When a plaintiff files a § 1983 action that cannot be resolved without inquiring into the validity of confinement, the court should dismiss the suit without prejudice" United States v. Miller, 197 F.3d 644, 652 n.7 (3d Cir. 1999).